IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANA PORTILLO, Individually and Behalf of All Others Similarly Situated | § § § § | |
| Plaintiff, | § § § | NO. _____ |
| v. | § § | |
| DOLLAR FIESTA, LLC; MADISON ENTERPRISES, LLC; SUPER DOLLAR, LLC; and KARIM NOORUDDIN, | § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Ana Portillo (referred to as "Plaintiff" or "Portillo") bring this lawsuit to recover unpaid overtime wages and damages from an on the job injury from Dollar Fiesta, LLC ("Dollar Fiesta"), Madison Enterprises, LLC ("Madison Enterprises"), Super Dollar, LLC ("Super Dollar"), and Karim Nooruddin, (collectively referred to as "Defendants"). In support thereof, she would respectfully show the Court as follows:

### I. NATURE OF SUIT

1.  Portillo's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and record keeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Defendants Dollar Fiesta, Madison Enterprises, Super Dollar, and Karim Nooruddin violated the FLSA by employing Portillo and other similarly situated nonexempt employees at a rate below the minimum wage. 29 U.S.C. § 206(a)(1).

4. Defendants Dollar Fiesta, Madison Enterprises, Super Dollar, and Karim Nooruddin violated the FLSA by employing Portillo and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

5. Defendants Dollar Fiesta, Madison Enterprises, Super Dollar, and Karim Nooruddin violated the FLSA by failing to maintain accurate time and pay records for Portillo and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

## II. JURISDICTION & VENUE

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Defendants reside in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Portillo's claims occurred in the Houston Division of the Southern District of Texas.

## III. PARTIES

8. Plaintiff Ana Portillo is an individual residing in Harris County, Texas.

9. Defendant Dollar Fiesta, LLC is a Texas limited liability company that may be served with process by serving its registered agent, Karim Nooruddin, at 711 Leamington St., Sugar Land, Texas 77479. Alternatively, if the registered agent of Dollar Fiesta, LLC cannot with reasonable diligence be found at the company's registered office, Dollar Fiesta, LLC may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10. Defendant Madison Enterprises, LLC is a Texas limited liability company that may be served with process by serving its registered agent, Abdul Karim Nooruddin, at 9400 Cullen Blvd., Houston, Texas 77051. Alternatively, if the registered agent of Madison Enterprises, LLC cannot with reasonable diligence be found at the company's registered office, Madison Enterprises, LCC may be

served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

11.     Defendant Super Dollar, LLC is a Texas limited liability company that may be served with process by serving its registered agent, Faiza B. Pirani, at 2763 South West Military Dr., San Antonio, Texas 78224.  Alternatively, if the registered agent of Super Dollar, LLC cannot with reasonable diligence be found at the company's registered office, Super Dollar, LLC may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

12.     Defendant Karim Nooruddin is an individual who may be served with process at 711 Leamington St., Sugar Land, Texas 77479 or wherever he may be found.

13.     Whenever it is alleged that Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine and normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants or employees.

## IV. Facts

14. Defendants owned, managed, controlled and operated several dollar stores across Texas, including cities such as Houston, Dallas, San Antonio, and Austin.

15. Portillo was employed by Defendants for approximately eight (8) months as a cashier. She worked at both the Super Dollar location on Cullen Boulevard in Houston, Texas and also at the Fiesta Dollar location on Telephone Road in Houston, Texas.

16. During Portillo's employment with Defendants, she was engaged in commerce or the production of goods for commerce.

17. During Portillo's employment with Defendants, the company was an enterprise engaged in commerce because it (1) had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others and (2) had an annual gross volume of sales made or business done of at least $500,000.

18. Defendants paid Portillo on an hourly basis.

19. Defendants paid Portillo at a rate below the minimum wage in violation of 29 U.S.C. § 206(a)(1).

20. Defendants knew or reasonably should have known that Portillo was not exempt from the minimum wage requirements of the FLSA.

21. During Portillo's employment with Defendants, she regularly worked in excess of forty hours per week. In fact, Portillo typically worked approximately 72 hours per week consistently throughout her employment with Defendants.

22. Defendants knew or reasonably should have known that Portillo worked in excess of forty hours per week.

23. Defendants did not pay Portillo overtime as required by 29 U.S.C. § 207(a)(1) for the hours she worked in excess of forty per week.

24. Defendants knew or reasonably should have known that Portillo was not exempt from the overtime provisions of the FLSA.

25. Defendants failed to maintain accurate time and pay records for Portillo and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

26. Defendants knew or showed a reckless disregard for whether its pay practices violated the FLSA.

27. Defendants are liable to Portillo for her unpaid regular and overtime wages, liquidated damages and attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## VI. COUNT ONE— FAILURE TO PAY THE MINIMUM WAGE IN VIOLATION OF 29 U.S.C. § 206(A)

28. Plaintiff adopts by reference all of the facts set forth above.

29. During Portillo's employment with Defendants, she was a nonexempt employee.

30. As a nonexempt employee, Defendants were legally obligated to pay Portillo at the minimum wage. 29 U.S.C. § 206(a)(1).

31. Defendants failed to pay Portillo for the hours she worked at the minimum wage.

32. Instead Defendants employed Portillo at a rate below the minimum wage in violation of 29 U.S.C. § 206(a)(1).

33. If Defendants classified Portillo as exempt from the minimum wage requirements of the FLSA, she was misclassified because no exemption excuses the company's noncompliance with minimum wage requirements of the FLSA.

34. Defendants knew or showed a reckless disregard for whether its pay practices violated the minimum wage requirements of the FLSA. In other words, Defendants willfully violated the minimum wage requirements of the FLSA.

## VII. COUNT TWO—FAILURE TO PAY OVERTIME IN VIOLATION OF 29 U.S.C. § 207(A)

35. Plaintiff adopts by reference all of the facts set forth above.

36. During Portillo's employment with Defendants, she was a nonexempt employee.

37. As a nonexempt employee, Defendants were legally obligated to pay Portillo "at a rate not less than one and one-half times the regular rate at which she [was] employed[]" for the hours that she worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

38. Defendants failed to pay Portillo for the hours she worked over forty in a workweek at one and one-half times her regular rate.

39. Instead, Defendants paid Portillo for the hours worked over forty per week at her straight time rate in violation of 29 U.S.C. § 207(a)(1).

40. If Defendants classified Portillo as exempt from the overtime requirements of the FLSA, she was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

41. Defendants knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Defendants willfully violated the overtime requirements of the FLSA.

### VIII. COUNT THREE—FAILURE TO MAINTAIN ACCURATE RECORDS IN VIOLATION OF 29 U.S.C. § 211(C)

42. Plaintiff adopts by reference all of the facts set forth above.

43. The FLSA requires employers to keep accurate records of hours worked by nonexempt employees.  29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

44. In addition to the pay violations of the FLSA described above, Defendants also failed to keep proper time records as required by the FLSA.

### IX. COUNT FOUR – COLLECTIVE ACTION ALLEGATIONS

45. Portillo adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

46. On information and belief, other employees have been victimized by Defendants' violations of the FLSA identified above.

47. These employees are similarly situated to Portillo because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied regular wages at the minimum wage and overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

48. Defendants' policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

49. Since, on information and belief, Portillo's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

50. All employees employed by Defendants, regardless of their rates of pay, who were paid at a rate less than the minimum wage and/or a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The Class is therefore properly defined as:

> All cashiers, associates, stockers, and assistant managers employed by any of Defendants' locations during the last three years.

51. Defendants are liable to Portillo and the other employees for the difference between what they actually paid them and what they were legally obligated to pay them.

52. Because Defendants knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, Defendants owe Portillo and the other employees their unpaid overtime wages for at least the last three years.

53. Defendants are liable to Portillo and all other employees in an amount equal to their unpaid regular and overtime wages as liquidated damages.

54. Defendants are liable to Portillo and all other employees, for their reasonable attorneys' fees and costs.

55. Portillo has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of her and all other putative class members.

## XII. JURY DEMAND

56. Plaintiff demands a trial by jury.

## XIII. PRAYER

57. Plaintiff prays for the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. judgment awarding Portillo and the other employees all unpaid overtime compensation, lost wages, liquidated damages, front pay in lieu of reinstatement, attorneys' fees and costs;

   c. prejudgment interest at the applicable rate;

   d. postjudgment interest at the applicable rate;

   e. incentive awards for any class representative(s); and all such other and further relief to which Portillo and the other employees may show themselves to be justly entitled.

Respectfully submitted,

**MOORE & ASSOCIATES**

By: /s/ Melissa Moore
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Bridget Davidson
State Bar No. 24096858
Federal Id. No. 3005005
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF
ANA PORTILLO**