# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ANA PORTILLO, Individually §<br>And on behalf similarly situated, §<br>    Plaintiffs, §<br>§<br>v. §<br>§<br>MADISON ENTERPRISES, LLC and §<br>KARIM NOORUDDIN, §<br>    Defendants. § | | CIVIL ACTION NO. 4:17-CV-3649<br><br><br>JURY DEMANDED |

## DEFENDANTS' ORIGINAL ANSWER

Comes Now, MADISON ENTERPRISES, LLC and KARIM NOORUDDIN ("Defendants") and file this, their Original Answer to Plaintiff's Original Complaint, as follows:

### NUMBERING AND SUBTITLES

Insofar as possible, Defendants have numbered and subtitled their Original Answer to correspond with and follow the subdivisions within Plaintiff's Original Complaint. Use of subtitles employed by Plaintiff does not constitute an admission regarding same.

### I. NATURE OF SUIT

1. Defendants admit that Plaintiff has filed this case under the Fair Labor Standards Act of 1938, 29 U.S.C. § §201-219 ("FLSA") but denies that Plaintiff is entitled to relief under same. The remainder of the allegations in Paragraph 1 of Plaintiff's Original Complaint are denied.

2. Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Original Complaint.

3. Defendants deny the allegations contained in Paragraph 3 of Plaintiff's Original Complaint.

1

4. Defendants deny the allegations contained in Paragraph 4 of Plaintiff's Original Complaint.

5. Defendants deny the allegations contained in paragraph 5 of Plaintiff's Original Complaint.

## II. JURISDICTION AND VENUE.

6. Defendants admit that the Court has jurisdiction of FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §216(b) but denies that Plaintiff has stated a proper claim for relief under same. The remainder of the allegations contained in Paragraph 6 of Plaintiff's Original Complaint are denied.

7. Defendants admit the allegations contained in Paragraph 7 of Plaintiff's Original Complaint.

## III. THE PARTIES.

8. Defendants admit the allegations contained in Paragraph 8 of Plaintiff's Original Complaint.

9. Defendants admit the allegations contained in Paragraph 9 of Plaintiff's Original Complaint, but this Company has been dismissed from this case.

10. Defendants admit the allegations contained in Paragraph 10 of Plaintiff's Original Complaint.

11. Defendants admit the allegations contained in Paragraph 11 of Plaintiff's Original Complaint, but this Company has been dismissed from this case.

12. Defendants admit the allegations contained in Paragraph 12 of Plaintiff's Original Complaint.

13. Defendants admit that Plaintiff makes certain allegations in her Original Complaint, but denies that such are valid. The remainder of the allegations contained in Paragraph 13 of Plaintiff's Original Complaint are denied.

## IV. FACTS.

14. Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Original Complaint.

15. Defendants admit the allegations contained in Paragraph 15 of Plaintiff's Original Complaint.

16. Defendants admit the allegations contained in Paragraph 16 of Plaintiff's Original Complaint.

17. Defendants admit the allegations contained in Paragraph 17 of Plaintiff's Original Complaint.

18. Defendants admit the allegations contained in Paragraph 18 of Plaintiff's Original Complaint.

19. Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Original Complaint.

20. Defendants admit the allegations contained in Paragraph 20 of Plaintiff's Original Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Original Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Original Complaint are denied.

23. Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Original Complaint are denied.

24. Defendants admit the allegations contained in Paragraph 24 of Plaintiff's Original Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Original Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Original Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Original Complaint.

## V. COUNT ONE – FAILURE TO PAY THE MINIMUM WAGE IN VIOLATION OF 29 U.S.C. § 206(a).

28. Defendants admit that Plaintiff adopts, by reference, all the facts that are set forth above, but Defendants deny those allegations, as set out above, and incorporate herein by reference those denials as if set forth at length.

29. Defendants admit the allegations contained in Paragraph 29 of Plaintiff's Original Complaint.

30. Defendants admit that 29 U.S.C. §206(a)(1) pertains to payment of non-exempt employees. Defendants deny the remainder of the allegations contained in Paragraph 30 of Plaintiff's Original Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Original Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Original Complaint.

33. Defendants deny that Plaintiff was misclassified. Defendants deny the remainder of the allegations contained in Paragraph 33 of Plaintiff's Original Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Original Complaint.

## VI. COUNT TWO – FAILURE TO PAY OVERTIME IN VIOLATION OF 29 U.S.C. §207(a).

35. Defendants admit that Plaintiff adopts by reference all of the facts that are set forth above, but Defendants deny those allegations, as set out above, and incorporate herein by reference those denials as if set forth at length.

36. Defendants admit the allegations contained in Paragraph 36 of Plaintiff's Original Complaint.

37. Defendant admits that the provisions of 29 U.S.C. § 207 govern the payment of non-exempt employees and require them to be paid at one and one-half times there "regular rate" for all hours worked in excess of forty (40) during each seven (7) day work week. Defendants deny the remainder of the allegations contained in Paragraph 37 of Plaintiff's Original Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Original Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of Plaintiff's Original Complaint.

40. Defendants deny that Plaintiff was misclassified. Defendants deny the remainder of the allegations contained in Paragraph 40 of Plaintiff's Original Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of Plaintiff's Original Complaint.

## VII. COUNT THREE – FAILURE TO MAINTAIN ACCURATE RECORDS IN VIOLATION OF 29 U.S.C. § 211(c).

42. Defendants admit that Plaintiff adopts by reference all of the facts that are set forth above, but Defendants deny those allegations, as set out above, and incorporate herein by reference those denials as if set forth at length.

43. Defendants admit that 29 U.S.C. 211(c) and 29 C.F.R. pt. 536 impose certain record keeping requirements, but denies that they violated them. The remainder of the allegations contained in Paragraph 43 of Plaintiff's Original Complaint are denied.

44. Defendants deny the allegations contained in Paragraph 44 of Plaintiff's Original Complaint.

### VIII. COUNT FOUR – COLLECTIVE ACTION ALLEGATIONS.

45. Defendants admit that Plaintiff adopts by reference all of the facts that are set forth above, but Defendants deny those allegations, as set out above, and incorporate herein by reference those denials as if set forth at length.

46. Defendants deny the allegations contained in Paragraph 46 of Plaintiff's Original Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of Plaintiff's Original Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of Plaintiff's Original Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of Plaintiff's Original Complaint.

50  Defendants deny the allegations contained in Paragraph 50 of Plaintiff's Original Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of Plaintiff's Original Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of Plaintiff's Original Complaint.

53. Defendants deny the allegations contained in Paragraph 53 of Plaintiff's Original Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of Plaintiff's Original Complaint.

55. Defendants are without knowledge sufficient to admit or to deny the allegations in Paragraph 55 of Plaintiff's Original Complaint and therefore denies same.

## IX. JURY REQUEST.

56. Defendants admit that Plaintiff has requested trial by jury.

## X. [PLAINTIFF'S] PRAYER FOR RELIEF.

57. Defendants admit that Plaintiff seeks the relief she sets forth in her Prayer for Relief, but denies that Plaintiff is in any way entitled to any relief from this Court. Defendants deny the remainder of the allegations in Plaintiff's Prayer for Relief.

## XI. AFFIRMATIVE DEFENSES.

58. For further answer, and in the alternative, if such be necessary, and without limiting or waiving the answers set out above, Defendants would affirmatively show the Court that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

59. For further answer, and in the alternative, if such be necessary, and without limiting or waiving the answers set out above, Defendants would affirmatively show the Court that they are not liable to Plaintiff, because all or part of Plaintiff's claims are barred by the applicable statutes of limitations.

60. For further answer, and in the alternative, if such be necessary and without limiting or waiving the answers set out above, Defendants would affirmatively show the Court that Defendants acted in good faith; and that Defendants paid Plaintiff what she was entitled to by law.

61. For further answer, and in the alternative, if such should be necessary and without

limiting or waiving the answers set out above, Defendants would affirmatively show the Court that the conduct and actions of Defendants towards Plaintiff were not willful.

62. Defendants specifically reserve the right to add to or amend its answer to the allegations contained in Plaintiff's Original Complaint more fully at a later date when the facts concerning the same may be more exactly developed following disclosures, discovery and investigation, this right being held pursuant to the Constitutions and laws of the United States and the Federal Rules of Civil Procedure.

## XII. DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED and having fully defended, Defendants pray:

(1). That Plaintiff's claim be dismissed, and that Plaintiff take nothing;

(2). That Defendants have and recover their costs and reasonable attorney's fees incurred herein; and,

(3). For such other and further relief as to which the Defendants may show themselves to be properly entitled.

Respectfully submitted,

PATRICK M. FLYNN, P.C.

/s/ Patrick M. Flynn_____
PATRICK M. FLYNN
Texas Bar No. 07199200
1225 North Loop West, Suite 1000
Houston, Texas 77008-1775
(713) 861-6163
(713) 961-5566 (facsimile)
pat@pmfpc.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on 22 February 2018, I electronically filed the foregoing document with the clerk of the court using the CM/ECF System and I have mailed the document by the United States Postal Service to any non-CM/ECF participants.

Ms. Melissa Moore
Moore & Associates
Lyric Centre
440 Louisiana ST, STE 675
Houston TX 77002

/s/ Patrick M. Flynn
PATRICK M. FLYNN